```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

WILLIAM T. MURPHY,

        Plaintiff,

v.                                      Case No. 3:16-cv-431-J-25MCR

SGT. KELLY and ALEXIS,
RODRIGUEZ-FIGUEROA, M.D.,

        Defendants.
_____

## **ORDER**

Plaintiff William T. Murphy initiated this action on April 11, 2016, by filing a civil rights complaint (Doc. 1). Plaintiff is proceeding on a third amended complaint (Doc. 14; TAC) against Defendants Kelly and Figueroa. In the TAC, and as relevant to the motion presently before the Court, Plaintiff asserts an Eighth Amendment sexual assault claim against Defendant Kelly. See TAC at 7.

Before the Court is Plaintiff's Motion for an Order Compelling Discovery (Doc. 50; Motion) against Defendant Kelly. In the Motion, Plaintiff objects to five of Defendant Kelly's responses/objections to his discovery requests (interrogatories and requests for production). Plaintiff asserts that Defendant Kelly's responses/objections are "either inadequate, evasive, incomplete, or non-responsive." Motion at 2. Defendant Kelly responded to Plaintiff's Motion (Doc. 52; Response).

With respect to three of the disputed discovery requests, Defendant Kelly stated that he was unable to provide a substantive response or documentary evidence. In response to Interrogatory #2 (asking about video footage), Defendant Kelly responded that video footage was unavailable because such footage is "typically not retained beyond thirty days." Response at 2. In response to Interrogatory # 13 (asking Defendant Kelly to explain the incident), Defendant Kelly responded that he has no recollection of interacting with Plaintiff on the day of the alleged incident. Id. at 3. In response to Production Request #16 (asking for documents of Defendant Kelly's performance on the day of the incident), Defendant Kelly responded that he has no documents of his "performance relative to the incident." See Response at 6-7. Defendant Kelly cannot be compelled to produce what he does not have, nor can he be forced to explain an incident of which he has no memory or that he denies occurred. Thus, Plaintiff's Motion is due to be denied with respect to Interrogatory #2, Interrogatory #13, and Production Request #16.

As to the remaining two disputed discovery requests (Interrogatory #1 and Interrogatory #17), Plaintiff challenges Defendant Kelly's asserted objections. Interrogatory #1 reads as follows: "[s]tate in detail the information you or any of your representatives such as Dept. of Correction (Inspector General) Assistant Attorney General (Erich Messenger) have or are aware of

relating to the incident . . . ." Motion at 11. Defendant Kelly objected, stating the request was "unclear, vague, calls for violation of attorney client privilege, and [was] speculative." Response at 4.

To the extent Plaintiff asks Defendant Kelly to state what other people know, the objection is sustained. To the extent Plaintiff asks what Defendant Kelly himself knows about the incident, the Court notes that Defendant Kelly has asserted in response Plaintiff's Interrogatories that he has no recollection of "any interaction with the plaintiff," and he denies that any such interaction occurred. See Response at 3; see also Doc. 50-1. Defendant Kelly cannot be compelled to provide details of an incident that he does not recall and claims never happened. Moreover, to the extent Plaintiff seeks the "Inspector General's investigative records" of the alleged incident, see Motion at 11, Defendant Kelly notes in his Response that, contemporaneously with the filing of the Response, he sent to Plaintiff the "IG Investigation, and will also soon be sending audio recordings made during the investigation," see Response at 7. Thus, with respect to Interrogatory # 1, Plaintiff's Motion is due to be denied.

Finally, Interrogatory #17 reads as follows: "[s]tate whether you have ever been charged, disciplined or reported for any previous sexual misconduct allegations while employed at Dept of Corrections (attach reports if applicable)." Motion at 12.

3

Defendant Kelly objected on the basis that the request "calls for [the production of] documents" and because the request was "overly broad, irrelevant, and not reasonably calculated to lead to admissible evidence." Response at 5. To the extent Plaintiff seeks the production of documents, Defendant Kelly's objection is sustained. Moreover, the Court finds that Plaintiff's request, as written, is overly broad because the request is not limited in either scope or time. However, the Court overrules Defendant Kelly's objection insofar as he asserts that the request seeks information that is irrelevant or unlikely to lead to admissible evidence.

A party opposing discovery must do more than state a generic, boilerplate objection. Rather, the party must make some showing that the stated objection is appropriate. See Diehl v. Bank of Am. Corp., No. 3:09-cv-1220-J-25MCR, 2010 WL 3340565, at *3 n.4 (M.D. Fla. Aug. 23, 2010); see also Calderon v. Reederei Claus-Peter Offen GmbH & Co., No. 07-61022-CIV, 2008 WL 4194810, at *2 (S.D. Fla. Sept. 11, 2008) ("[A] party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome."). Defendant Kelly has made no showing that the requested information is irrelevant or is unlikely to lead to the discovery of admissible evidence. Moreover, the Court finds that the information sought is relevant or may lead to the discovery of admissible evidence. Therefore,

4

Plaintiff's Motion is due to be granted in part to the extent that the Court will direct Defendant Kelly to provide an amended response to Interrogatory #17, limited in scope as follows: "State whether you have been <u>disciplined or sanctioned</u> for any sexual misconduct <u>toward an inmate</u> within the <u>five-year period</u> preceding the date of the alleged incident that is the subject of Plaintiff's TAC."

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for an Order Compelling Discovery (Doc. 50) is **GRANTED in part** and **DENIED in part** as provided in this Order.

2. By **January 11, 2019,** Defendant Kelly shall serve Plaintiff with an amended response to Plaintiff's Interrogatory #17 as revised in the body of this Order.

3. To the extent Plaintiff requests the Court order Defendant Kelly to reimburse him for his costs associated with filing the Motion, <u>see</u> Motion at 3-4, his request is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of January, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:
William T. Murphy
Counsel of Record